IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICKY A. GADBURY,**

        **Plaintiff,**

    v.                      CASE NO. 14-3027-SAC

**DEAN BUSH, Sheriff,**
**Ford Co., et al.,**

        **Defendants.**

**MEMORANDUM AND ORDER**

This pro se civil rights complaint was filed pursuant to 42 U.S.C. § 1983 by an inmate of the Ellsworth Correctional Facility (ECF). Plaintiff claims that he is disabled and suffered serious injury while temporarily detained at the Ford County Jail, Dodge City, Kansas (FCJ) due to that facility's failure to provide a handicap-accessible shower. Having examined the materials filed, the court assesses an initial partial filing fee and requires plaintiff to show cause based on deficiencies including his failure to exhaust administrative remedies.

**FILING FEE**

The fees for filing a civil rights complaint in federal court total $400.00 and consist of the statutory fee of $350.00

1

plus an administrative fee of $50.00 or; for one that is granted leave to proceed in forma pauperis the fee is $350.00. Plaintiff has filed a Motion for Leave to Proceed without Prepayment of Fees (Doc. 2) and attached an Inmate Account Statement in support as statutorily mandated. Under 28 U.S.C. § 1915(b)(1), a prisoner granted such leave is not relieved of the obligation to pay the full fee of $350.00 for filing a civil action. Instead, being granted such leave merely entitles him or her to proceed without paying the full fee upfront, and to pay the filing fee over time through payments deducted automatically from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Furthermore, § 1915(b)(1) requires the court to assess an initial partial filing fee of twenty percent of the greater of the average monthly deposit or average monthly balance in the prisoner's account for the six months immediately preceding the date of filing of the civil action. Having examined the records of plaintiff's account, the court finds the average monthly deposit during the relevant time period has been $ 190.66, and the average monthly balance has been $ 41.70. The court therefore assesses an initial partial filing fee of $ 38.00, twenty percent of the average monthly deposit rounded to the lower half dollar. Plaintiff must pay this initial partial filing fee before this action may proceed further, and is given

time to submit the fee to the court. His failure to submit the initial partial fee in the time allotted may result in dismissal of this action without further notice.

**FACTUAL ALLEGATIONS AND CLAIMS**

In October 2007, plaintiff committed several offenses in Ford County, Kansas, including Rape, Aggravated Kidnapping, Aggravated Criminal Sodomy, Aggravated Intimidation of a Witness or Victim, and Theft. He was charged in Case No. 07-CR-539 and sentenced on February 23, 2012.

As the factual background for his complaint, Mr. Gadbury alleges as follows. On or about October 31, 2008, while he was detained at the Rice County Jail (RCJ), he blacked-out due to his "blood pressure problem" and severely injured his spine when he fell onto the cement floor and against a metal stool and steel table. He was taken to the hospital, but does not remember what occurred there and was not given papers regarding his injuries or diagnosis. He was placed in a medical isolation cell at the RCJ and continued to suffer from neck and head pain as well as difficulty walking. Dr. Liska, a chiropractor in Lyons who provided several treatments, informed plaintiff and the correctional officer accompanying him that plaintiff "had a spine injury that (Dr. Liska) could not fix." Plaintiff was taken back to FCJ for an MRI in late 2008 or early 2009, and was

3

not shackled or handcuffed due to his injuries and pain. Thus, FCJ knew of his injuries.

Plaintiff's condition "continued to deteriorate" and his blood pressure was not properly controlled. In April 2009, he was sent to the ECF where the doctor took x-rays of his back and spine due to his injury at the RCJ and constant complaints of back pain. The doctor "confirmed a severe spine injury, a permanent injury that the MRI" did not show.[1] The ECF doctor prescribed medication for his back and blood pressure, which he takes "to this day," and he was given a cane. All the foregoing events are "well documented" in plaintiff's medical files maintained by Kansas Department of Corrections (KDOC), which are sent with plaintiff "anywhere (he) goes."

On January 27, 2012, plaintiff was transported to the FCJ "for court appearance," according to on-line KDOC offender information (KASPER). His medical records were sent with him. The day of his arrival, he informed an officer that he "had a disability due to a spinal injury and needed a shower stall . . . equipped for handicap individuals." He was told to use B-1 shower stall, which was not handicap-accessible, and no incident occurred. He was returned to the ECF three days later.

---

[1] Generally, a claim of constitutional violation under § 1983 is subject to a two-year statute of limitations. It follows that plaintiff may not recover based upon events that occurred more than two years prior to the date on which he filed the instant complaint. Since the complaint was filed on February 10, 2014, he is barred from recovering for events that occurred prior to February 10, 2012.

4

On February 23, 2012, plaintiff was again transported to FCJ for resentencing along with his medical records. He informed "John Doe #1" that he "was disabled with spinal injury" and experiencing severe back pain. He "again requested a handicap shower stall." After booking in, he was allowed to shower and told to use B-2 stall. There were "no adequate handicap accessories" in or around this shower. Plaintiff informed "John Doe #2" that the shower was unsafe for him due to his disabilities and that he had back pain and "needed some support during (his) showers." He was told there was nothing the officer could do. Thus, defendants refused to allow plaintiff to use a handicap shower. Plaintiff is unaware if the FCJ, which he believes was built in 2000, was even equipped with such a shower. The door on the shower stall he was directed to use was "extremely heavy" and took effort for plaintiff to open. He had to "lean on the door for leverage" in order to get it open and to stay open. In doing this, he slipped on the floor, and the weight of the door knocked him to the ground. There were no grab bars. He tried to use his dominant hand "to brace the fall" and shattered his wrist. The weight of the door, no handrails, no adequate handicap accessories in or around the shower, and the inadequate floor mats in front of the shower stall all contributed to the "further injury" of his spine. "Directly after this" incident, plaintiff was transported to a

local medical center where he was treated for his "severe shattered wrist," given a cast and pain medicine, and scheduled to see a specialist as follow-up.[2] In a statement attached to the complaint, Mr. Gadbury alleges that he is not allowed to go to the yard or gym for exercise, cannot work a prison job, "is restricted to 10 lbs lifting, no stairs, and bottom bunk," and continues to have trouble walking and severe pain that is not stopped by the medication provided. He seeks relief based on "the occurrence that happened on February 23, 2012."

Mr. Gadbury designates four defendants in his complaint: Dean Bush, Sheriff FCJ; Chris Weis, Captain FCJ; John Doe #1, Booking Officer FCJ; and John Doe #2, Booking Movement Officer FCJ. Plaintiff names Sheriff Bush and Captain Weis in their official capacities only and the two John Doe defendants in their individual capacities only. Within his complaint, Mr. Gadbury claims that "Ford County and" Sheriff Bush "along with Captain" Weis were responsible for "this injury due to the position" each defendant "holds in office." He further claims that these defendants "are to insure compliance with all State and local as well as Federal Laws and Regulations" and "to

---

[2] Plaintiff has attached two personal statements to the complaint in which he makes many of the same allegations as in his complaint. However, he also makes additional allegations, such as that at the ECF he was "forced into" unsafe pods with no handicap facilities" and has fallen there. In addition, he complains of a rash on his face and continuing dental problems. These allegations are not considered further as none of the named defendants are alleged to have been personally involved in any events at the ECF. Moreover, any new significant allegations must be presented by way of a complete Amended Complaint.

6

afford a reasonable safe environment" to the FCJ's population. In addition, he claims that they "failed to comply with the State and Federal Americans with Disability Act." Plaintiff claims that defendants John Doe #1 and John Doe #2 "are liable" for his injury due to their "total deliberate indifference to (his) prior medical disability." He alleges that the Doe defendants were aware of his disability due to his statements to them, his medical records, and his arrival without shackles and handcuffs.

Plaintiff asserts that "Ford County and all Defendants listed herein" are liable for violating his constitutional rights under the Eighth and Fourteenth Amendments and for violating "the ADA" by failing to accommodate a disabled person by providing a handicap-accessible shower. He further asserts that his constitutional rights were violated by failure to protect him from injury while in custody, deliberate indifference, reckless negligence, wanton or willful misconduct, inadequate training of officers, unsafe conditions, and inadequate facility for inmates with a disability. Plaintiff also asserts violation of his rights under "Title II of the ADA, 42 U.S.C. § 12131(1), 42 U.S.C. 12101, et seq., 42 U.S.C. § 12132 (discrimination), as well as under 28 C.F.R. 35, 130(b)(7), 28 C.F.R. Part 36, Appendix A, and 28 C.F.R. 35.151

7

(pertains to new construction and alterations), Section 504," and K.S.A. § 58-1308, and 58-1303, et seq.[3]

Plaintiff seeks a declaration that the acts and omissions of defendants violated the ADA and his constitutional rights to equal protection and due process as well as the Eighth Amendment's prohibition against cruel and unusual punishment. He also seeks a preliminary and permanent injunction ordering defendants to adhere to the injunction "described herein." In addition, he seeks compensatory damages, and punitive damages against the John Doe defendants.

**SCREENING**

Because Mr. Gadbury is a prisoner suing state officials, the court is required by statute to screen his complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

---

[3] Plaintiff includes a section on "Legal Arguments and Authorities" in his complaint and has filed a legal memorandum in support of his motion for preliminary injunction. A pro se litigant is not required to present any legal authority for his claims, and legal arguments, if any, should be presented in a separate legal memorandum rather than in the complaint.

acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48-49 (1988)(citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake,* 469 F.3d 910, 913 (10th Cir. 2006). The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed (the plaintiff); and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

**FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

The first issue presented from the face of the complaint is whether or not plaintiff exhausted administrative remedies on his claims before he filed this federal action. 42 U.S.C. § 1997e(a) expressly provides:

9

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

*Id.* This statutory exhaustion requirement "is mandatory, and the district court [is] not authorized to dispense with it." *Beaudry v. Corrections Corp. of Am.*, 331 F.3d 1164, 1167 n. 5 (10th Cir. 2003), *cert. denied*, 540 U.S. 1118 (2004); *Little v. Jones*, 607 F.3d 1245, 1249 (10th Cir. 2010). While generally failure to exhaust is an affirmative defense and a plaintiff is not required to plead it in the complaint, when that failure is clear from materials filed by plaintiff, the court may sua sponte require plaintiff to show that he has exhausted. *See Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007)(acknowledging district courts may raise exhaustion question sua sponte, consistent with 42 U.S.C. § 1997e(c)(1) and 28 U.S.C. §§ 1915 and 1915A, and dismiss prisoner complaint for failure to state a claim if it is clear from face of complaint that prisoner has not exhausted administrative remedies).

Furthermore, to satisfy the exhaustion requirement, a prisoner must fully comply with the institution's grievance procedures. *Jones v. Bock*, 549 U.S. 199, 218 (2007); *Woodford v. Ngo*, 548 U.S. 81, 90 (2006); *Little*, 607 F.3d at 1249 ("inmate may only exhaust by properly following all the steps

laid out in the prison system's grievance procedures.")(citing *id*). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim . . . ." *Id.* (citing *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002)).

With respect to exhaustion, plaintiff alleges the following. On June 25, 2012, he informed Dean Bush of the incident and "asked for specific information/discovery items to proceed in legal matters" under the Freedom of Information Act (FOIA). He received a letter from Lt. Gordon Willard that "the additional information will need to be obtained by court."[4] On June 29, 2012, plaintiff sent a letter to Sheriff Bush requesting "all relative procedures regarding grievances" and "those reports/forms needed to comply with" FCJ's "rules and regulations regarding grievances." On July 10, 2012, plaintiff received a letter and copy of Inmate Handbook but no forms. On July 23, 2012, and on April 29, 2013, plaintiff sent letters requesting grievance forms. Based on these allegations, plaintiff argues that he "tried to exhaust his administrative remedies with Ford County Jail," but his efforts were thwarted when he encountered resistance and deliberate indifference to

---

[4] After this statement in his complaint, plaintiff alleges "(letters sent as exhibit)". However, no letter from Willard or concerning a FOIA request is attached to the complaint. The same is true of all the other letters that plaintiff says he submitted as exhibits with regard to exhaustion.

his rights "from them." He thus abandoned his efforts and requests that he be allowed to proceed with this § 1983 suit.

From plaintiff's own allegations, it is evident that he did not fully and properly exhaust administrative remedies. He acknowledges that under 42 U.S.C. § 1997e(a) he was required to exhaust administrative remedies. He argues that remedies are not available if prison officials prevent or thwart a prisoner's efforts to exhaust. In addition, he repeats that defendants were aware of his disability, the incident, and the violations.

These general allegations are not sufficient to excuse plaintiff's acknowledged failure to exhaust administrative remedies. His having sent multiple requests for grievance forms does not amount to filing and appealing a grievance. Plaintiff does not suggest that forms were available for FCJ grievances or that FCJ grievances had to be submitted upon forms. He alleges that he received an Inmate Handbook, but does not describe the administrative grievance process presumably set forth therein together with facts as to how he was impeded by jail officials from pursuing that process. He also does not allege facts showing that his FOIA request amounted to exhausting administrative remedies.

From the foregoing, it is clear that plaintiff's § 1983 complaint is subject to being dismissed without prejudice pursuant to 28 U.S.C. §§ 1915A, 1915(e)(2)(B)(ii), and 42 U.S.C.

§ 1997e(c)(1), due to plaintiff's failure to exhaust administrative remedies prior to filing this action. Plaintiff is given time to show cause why this action should not be dismissed on this basis. If he does not show good cause within the time allotted, this action may be dismissed without further notice.

**CLAIMS AGAINST DEFENDANTS BUSH AND WEIS SUBJECT TO DISMISSAL**

Plaintiff alleges that he sues defendants Bush and Weis in their official capacities. However, "[w]hen a suit alleges a claim against a state official in his official capacity, the real party in interest in the case is the state," and a suit for damages against the state is generally barred by sovereign immunity under the Eleventh Amendment. *Strope v. Collins*, 492F.Supp.2d 1289, 1298 (D.Kan. 2007)(citing *Callahan v. Poppell*, 471 F.3d 1155, 1158 (10th Cir. 2006)). It follows that plaintiff's damages claims against defendants Bush and Weis, if any, in their official capacity are subject to dismissal based upon immunity.

Even if plaintiff were suing Bush and Weis in their individual capacities, he also fails to allege personal participation by either of these defendants in the particular incident upon which this complaint is based. He may not sue

13

these defendants based solely upon their supervisory capacity, as his allegations imply.[5]

Plaintiff's allegations of failure to train are nothing more than conclusory statements[6] that entitle him to no relief.

**MOTION FOR PRELIMINARY INJUNCTION**

The court has considered plaintiff's Motion for Preliminary Injunction (Doc. 5) and Memorandum in Support. In this motion, plaintiff seeks a preliminary injunction requiring the FCJ to cease "all operations that are in violation of the Federal Rules" regarding accessibility in public buildings to facilities such as restrooms and showers. He also asks the court to require defendant Bush and his agents and employees to adhere to "established constitutional rights" and be brought into compliance with state rules and regulations and federal statutes "to ensure the safety and health of Kansas inmates."[7] Plaintiff

---

[5] Plaintiff mentions "Ford County" a couple times in his complaint as if the County were a defendant in this action. However, he did not designate Ford County as a defendant in either the caption or in his list of defendants. Rule 10 of the Federal Rules of Civil Procedure requires that all defendants be named in the caption. Moreover, Mr. Gadbury has not described a particular county policy or alleged any facts showing that the incident of which he complains was caused by a policy promulgated by Ford County. At this juncture, Ford County is not a defendant.

[6] Furthermore, plaintiff does not allege facts showing that either defendant Bush or defendant Weis was responsible for the absence of a handicap-accessible shower in the booking area at the FCJ or for plaintiff's being directed to use a particular shower.

[7] Plaintiff appears to improperly make discovery requests within his motion or memorandum. He must file a separate motion in order to seek a court order regarding any request for discovery. In addition, he must follow

has been transferred from the Ford County Jail to the ECF, a KDOC institution, for service of his sentence. It follows that plaintiff is no longer subject to the conditions at the FCJ of which he complains. Plaintiff does not allege facts showing that he is likely to be subjected to conditions at the FCJ in the future. For this reason, the court finds that plaintiff's requests for a preliminary injunction in this motion and his vague request for injunctive relief in his complaint are moot.

**MOTION FOR APPOINTMENT OF COUNSEL**

The court has considered plaintiff's Motion for Appointment of Counsel (Doc. 3) and denies this motion, without prejudice. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies within the discretion of the court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006)(citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004). In

---

the Federal Rules of Civil Procedure that govern discovery, and any discovery request at this juncture is premature. No action will be taken on these imbedded, vague requests.

15

deciding whether to appoint counsel, the district court should consider "the merits of the prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Rucks*, 57 F.3d at 979; *Hill*, 393 F.3d at 1115. Considering the above factors, the Court concludes in this case that (1) it is not clear at this juncture that plaintiff has exhausted administrative remedies; (2) the issues are not complex; and (3) plaintiff appears capable of adequately presenting facts and arguments. Accordingly, the Court denies plaintiff's motion for appointed counsel at this juncture. If the case survives screening and it becomes apparent that appointed counsel is necessary, plaintiff may renew this motion.

**IT IS THEREFORE ORDERED** that plaintiff is granted thirty (30) days in which to submit to the court an initial partial filing fee of $ 38.00. Any objection to this order must be filed on or before the date payment is due. The failure to pay the fees as required may result in dismissal of this action without prejudice.

**IT IS FURTHER ORDERED** that within the same thirty-day period plaintiff is required to show cause why this action should not be dismissed as against defendants Bush and Weis in their official capacity based on their immunity and due to plaintiff's failure to allege personal participation; and to

show cause why this action should not be dismissed in its entirety for failure to exhaust administrative remedies.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (Doc. 3) is denied without prejudice, and plaintiff's Motion for Preliminary Injunction (Doc. 5) is denied as moot.

**IT IS SO ORDERED.**

Dated this 26th day of March, 2014, at Topeka, Kansas.

**s/Sam A. Crow**
**U. S. Senior District Judge**