IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Ricky A. Gadbury,

    Plaintiff,

vs.                        Case No. 14-3027-JTM

Dean Bush, Sheriff of Ford County,
Kansas, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

Plaintiff Ricky Gadbury has filed this *pro se* action against various officials of the Ford County, Kansas Jail, alleging that he was injured as the result of a fall while he was housed at that facility. The defendants have moved for summary judgment.

Gadbury filed no timely response to the Summary Judgment motion. Instead, after the time for a response passed, he moved for "a voluntary suspension or dismissal of this case for 180 days, without prejudice." (Dkt. 41). The only rationale for the delay is that Gadbury is currently receiving medical treatment. Gadbury also renews his request for appointment of counsel. Gadbury has repeated the request in a secondary pleading, along with a request to stay the case and withdraw the voluntary dismissal motion. (Dkt. 43).

Prior to its reassignment to the undersigned, the court denied Gadbury's two

previous requests for an attorney, noting that there is no right to appointment of counsel in a civil case, that the case is "not complex," and that "plaintiff appears capable of adequately presenting facts and arguments." (Dkt. 7). This court agrees, and finds no basis for altering these determinations. (Dkt. 20). Notwithstanding his medical condition, Gadbury was able to carefully and lucidly set forth his claims of constitutional deprivations in a sixteen page, single-spaced complaint. (Dkt. 1). He has, however, refused to provide any subsequent support for those allegations.

Ordinarily, the court will grant a motion to voluntarily dismiss an action. This presumptive result is inapplicable, however, where the dismissal will operate to the substantial prejudice of a party to the action. *See Ohlander v. Larson*, 114 F.3d 1531, 1537 (1997). Here, Gadbury's motion for voluntary dismissal and motion to stay have been raised after the eleventh hour, and after the defendants have demonstrated an uncontroverted right to summary judgment. The request for voluntary dismissal is denied.

The uncontroverted facts establish the public areas of the jail comply with all applicable ADA rules and regulations. Prisoner areas, however, present special security problems. In particular, grab bars in the booking area present a risk of being removed and used as weapons. In light of these concerns, the American Correctional Association explicitly does *not* require strict compliance with the ADA in the design of detention facilities. Rather, the industry standard is to attempt to accommodate disabled inmates by means other than the use of grab bars.

The shower stall area where Gadbury was allegedly injured meets the applicable

standards. Inmates needing accommodation while showering may request the use of a plastic chair, and the stall area is equipped with an intercom to request assistance.

Prior to the alleged injury, defendants Sheriff Dean Bush and Captain Chris Weis were not aware of any complaints regarding the jail condition, and the relevant areas appeared to be safe.

Given these uncontroverted facts, summary judgment is appropriate as to Gadbury's 42 U.S.C. § 1983 claims, first, because he has not shown that the deprivations were the result of a county policy. *See Monell v. Dep't of Soc. Services*, 436 U.S. 658, 694 (1978). The policy of the jail is to accommodate disabled inmates. Second, Gadbury has failed to show that the underlying event—a slip on a wet floor after successfully completing his shower—reflects any violation of his Eighth Amendment or Fourteenth Amendment rights. *See Jackson v. Arizona*, 885 F.2d 639, 641 (9th Cir.1989) ("slippery prison floors ... do not state even an arguable claim for cruel and unusual punishment"). Third, the ADA claim fails because Gadbury is no longer in the Ford County Jail (and thus faces no risk of continued deprivation), because he has failed to show any intentional disability-based discrimination entitling him to compensatory damages, because the jail provided reasonable accommodation to its inmates, and because the plaintiff was not denied access to any important facility. Finally, Sheriff Bush is entitled to immunity under the Eleventh Amendment. *See Hunter v. Young*, 238 Fed.Appx. 336, 338 (10th Cir. 2007).

Accordingly, the defendants' Motion for Summary Judgment is granted both pursuant to D.Kan.R. 7.4 and for good cause shown.

IT IS ACCORDINGLY ORDERED this 17th day of June, 2015, that the plaintiff's Motions for Dismissal, Stay, and Appointment (Dkt. 41, 43) are denied; defendants' Motion for Summary Judgment (Dkt. 29) is granted.

<u>s/ J. Thomas Marten</u>
J. THOMAS MARTEN, JUDGE